**Bruce E. Disenhouse, SBN 078760**
DISENHOUSE LAW APC
3833 Tenth Street
Riverside, California 92501
T: 951-530-3710
F: 951-543-4239
E: bruce@disenhouselaw.net

**Doc No:**
**cm/ecf filed:**

Attorneys for Defendant CITY OF REDLANDS, erroneously sued herein as City of Redlands, 35 Cajon Street, Suite 20, Redlands, California 92373

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORONDE LONDON,<br><br>            Plaintiff,<br><br>v.<br><br>CITY OF REDLANDS, 35 Cajon Street, Suite 20, Redlands, California, 92378,<br><br>            Defendant. | CASE NO.:  17-cv-00185 JFW (SPx)<br><br>*Hon. John F. Walter*<br><br>(PROPOSED) STATEMENT OF DECISION |

On May 15, 2017, Defendant City of Redlands' Motion to Dismiss came on for regular hearing before the Honorable Judge John F. Walter in Courtroom 7A of the United States District Court, Central District of California.

## I.

## FACTS PRESENTED

Plaintiff made three requests for various building permits from the Defendant CITY of Redlands (herein after "CITY") under the California Public Records Act (Government Code Section 6250 et seq.). The requests were not made under the federal Freedom of Information Act.

Plaintiff's first Public Records Act request #15-277 was sent to the CITY on October 26, 2015. An initial response to Plaintiff's request was sent by CITY on October 26, 2015. On November 9, 2015, the CITY responded to Plaintiff's first request and provided the requested records. On March 3, 2016, the CITY contacted Plaintiff again to produce additionally discovered documents relevant to his first request.

Plaintiff's second Public Records Act request #16-559 was sent to the CITY on October 12, 2016. An initial response to Plaintiff's request was sent by CITY on October 12, 2016. On October 27, 2016, the CITY responded to Plaintiff's second request and provided the requested records.

Plaintiff's third Public Records Act Request, No. 16-561, was sent to the CITY on October 12, 2016. It stated:

"I am requesting to view permit on file for the following resident 851 W. Highland Avenue, Redlands, CA, 92373. Description: Air Conditioning & Heating equipment installation contractor: Pacific Heating & Air Conditioning (SCLB#957503) Date: Between 2013-2015."

An initial response to Plaintiff's third request was sent by CITY on October 14, 2016. On October 27, 2016, after due diligence had been performed by the CITY departments in reviewing their files, the CITY informed Plaintiff that it had determined it had no records responsive to Plaintiff's third request. Other than this particular request, the CITY provided all requested documents that were in the CITY's custody, control, and possession.

On October 25, 2016, Plaintiff filed a claim with the CITY OF REDLANDS, alleging that the CITY refused to comply with the Public Records Act Requests in accordance with California Government Code Sections 6253.9(a),(c),(d). Plaintiff's claim and complaint misstates the facts, as the CITY had not yet told him that the documents related to his third requests do not exist by the time Plaintiff filed his claim with the CITY. Rather, the day after Plaintiff filed his claim with the

1 CITY, Plaintiff received documents related to his second request and was informed 2 by the CITY that no responsive documents existed relating to his third request. On 3 December 20, 2016, the CITY OF REDLANDS rejected Plaintiff's claim.

4 Plaintiff and the CITY were in discussions regarding the administrative appeal 5 process for his rejection letter as of January 25, 2017. However, Plaintiff failed to 6 exhaust his administrative remedies by actually engaging in the administrative 7 appeal process. Instead, on January 31, 2017, Plaintiff filed the instant complaint in 8 federal court, claiming that the action was, in part, brought under the Freedom of 9 Information Act, 5 U.S.C. § 552, as well as California Public Records Act, 10 Government Code Section 6254. While the complaint does reference requests made 11 under the California Public Records Act, and, more importantly, documents arguably 12 within the possession of the City of Redlands, the complaint does not reference a 13 single request made to the federal government nor the making of any request for 14 documents to the federal government for records likely to be maintained by the 15 federal government. The complaint does not set forth a factual basis in separate 16 claims for either a 14th Amendment due process violation nor "tax evasion", nor are 17 any facts set forth in the complaint which explain even a potential factual basis for 18 either purported claim.

## II.
## LAW PRESENTED

21 A. Rule 12(b)(1) Motion

22 Where subject matter jurisdiction is lacking, dismissal under Rule 12(b)(1) is 23 appropriate. MacKay v. Pfiel (9th Cir. 1987) 827 F.2d 540, 543. Once the defendant 24 objects to a lack of subject matter jurisdiction, plaintiff bears the burden of 25 establishing that the court has subject matter jurisdiction. Lujan v. Defenders of 26 Wildlife (1992) 504 U.S. 555, 561. To survive a motion to dismiss under Rule 27 12(b)(1), a plaintiff must prove that the court has jurisdiction to hear the case. 28 Kokkonen v. Guardian Life Ins. Co. (1994) 511 U.S. 375, 377 ("Federal courts are of

1  limited jurisdiction… It is to be presumed that a cause lies outside this limited
2  jurisdiction, and the burden of establishing the contrary rests on the party asserting
3  jurisdiction."). As set forth below, plaintiff has not remotely meet his burden of
4  proof, warranting the granting of this motion.

5    B.  Rule 12(b)(6) Motion

6    A court has authority to dismiss a suit for failure to state a claim upon
7  which relief can be granted if the complaint clearly demonstrates that the plaintiff
8  cannot prove any set of facts that would entitle it to relief. Hishon v. King &
9  Spalding (1984) 467 U.S. 69, 73; Doe v. Hillsboro Indep. Sch. Dist. (5th Cir.1996)
10 81 F.3d 1395, 1401-02. The issue is not whether a plaintiff will ultimately prevail
11 but whether the claimant is entitled to offer evidence to support the claims. Scheuer
12 v. Rhodes (1974) 416 U.S 232, 236. "The question therefore is whether in the light
13 most favorable to the plaintiff and with every doubt resolved in his behalf, the
14 complaint states any valid claim for relief." Beanal v. Freeport McMoran, Inc. (5th
15 Cir.1999) 197 F.3d 161, 164.

16   When considering a motion to dismiss for failure to state a claim,
17 "conclusory allegations or legal conclusions masquerading as factual conclusions"
18 will not suffice to prevent a motion to dismiss. Fernandez-Montes v. Allied Pilots
19 Ass'n. (5th Cir.1993) 987 F.2d- 278, 284. Specifically, a motion to dismiss will be
20 granted when "the factual averments do not justify recovery on some theory
21 adumbrated in the complaint..." Podiatrist Assn. v. La Cruz Azul de P.R., Inc. (1st
22 Cir.2003) 332 F.3d 6, 19. "The threshold for stating a claim may be low, but it is
23 real." Id. "The complaint must therefore set forth factual allegations, either direct or
24 inferential, supporting each material element necessary to sustain recovery under
25 some actionable legal theory." Id.

26   For the reasons set forth below, plaintiff's complaint is largely conclusory,
27 and has failed to state a claim for relief, warranting the dismissal of this action.
28 //

### C. Subject Matter Jurisdiction

There are two principal bases upon which a district court may exercise subject matter jurisdiction: (1) the existence of a federal question and (2) complete diversity of citizenship among the parties. See 28 U.S.C. Sections 1331, 1332. The court can properly exercise jurisdiction on the basis of diversity of citizenship if the parties are of completely diverse citizenship and the case involves an amount in controversy of at least $75,000. See 28 U.S.C. Section 1332 (a). District courts have federal question jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." See 28 U.S.C. Section 1331; Frank v. Bear Stearns & Company (5th Cir. 1997) 128 F.3d. 919, 922. The complaint does not set forth a federal question nor does it establish diversity jurisdiction. Dismissal is therefore warranted.

### D. Failure to State Facts Sufficient to Support a Claim for Relief

To plead a claim for injunctive relief under 5 U.S.C. Section 552, Plaintiff must plead facts showing that requests were made under the federal Freedom of Information Act. See 5 U.S.C. Section 552. Additionally, Plaintiff must show that he has exhausted his administrative remedies before pursuing civil litigation. See 5 U.S.C. § 552(a)(6)(B). Plaintiff's complaint does not allege either, warranting dismissal.

Further, to plead a claim for injunctive relief under California Government Code Section 6250 et seq, Plaintiff must state facts showing that the CITY violated the Public Records Act. See Government Code Section 6250 et seq. The undisputed facts establish that CITY complied with plaintiff's requests to the extent possible, thus warranting dismissal of this action.

The Public Records Act requires the CITY to provide access to, or copies of, existing records responsive to the request that are in its possession, subject to certain exceptions. See Government Code Section 6250 et seq. The Act does not require the CITY to provide information, answer questions, or create records that do

not exist. See Government Code Section 6250 et seq.  A local agency has no duty to create a record that does not exist at the time of the request. Gov. Code, § 6252, subd. (e); Haynie v. Superior Court (2001) 26 Cal.4th 1061; 71 Ops.Cal.Atty.Gen. 235 (1988).  However, the CITY must respond detailing either that the records will be produced, that the records do not exist, or that the records will not be produced as per an exception to the Public Records Act. See Gov. Code, § 6253.   The CITY has done precisely what the law requires, thus warranting dismissal of this action.

## III.

## ORDER

Upon reviewing the moving papers, the opposing and reply papers, and finding good cause thereupon, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. Defendant City of Redlands' Motion to Dismiss is granted as prayed;

2. Plaintiff's complaint is dismissed with prejudice and judgment shall be entered on behalf of Defendant CITY OF REDLANDS.

Date:

_____
JUDGE OF THE U.S. DISTRICT COURT