| | |
|---|---|
| **Bruce E. Disenhouse, SBN 078760**<br>DISENHOUSE LAW APC<br>3833 Tenth Street<br>Riverside, California 92501<br>T:  951-530-3710<br>F:  951-543-4239<br>E:  bruce@disenhouselaw.net | **Doc No:**<br>**cm/ecf filed:** |

Attorneys for Defendant CITY OF REDLANDS, erroneously sued herein as City of Redlands, 35 Cajon Street, Suite 20, Redlands, California 92373

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORONDE LONDON,<br><br>           Plaintiff,<br><br>v.<br><br>CITY OF REDLANDS, 35 Cajon Street, Suite 20, Redlands, California, 92378,<br><br>           Defendant.<br>_____ | **CASE NO.:  17-cv-00185 JFW (SPx)**<br><br>*Hon. John F. Walter*<br><br>FRCP 26(f) JOINT REPORT OF COUNSEL<br><br>Scheduling Conference<br>DATE:  May 15, 2017<br>TIME:   8:30 a.m. |

Pursuant to FRCP Rule 26(f), the parties report as follows:

**1.     Subject Matter Jurisdiction/Service of Parties/Venue**

**Plaintiff**:     This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 USC §552(a)(4)(B).  This Court also0 has jurisdiction over this action pursuant to 28 USC §1331.  Venue lies in the district under 5 USC §552(a)(4)(B).  The Defendants is also depriving me of due process of the law pursuant to the 14th Amendment of the United States Constitution as applied the States by not giving me the requested records nor enforcing the permits for Public Safety and Health, and collecting taxes from vendor

who conduct business with their jurisdiction.  Congress provide 42 USC §1983 as a method seeking relief against state official for a federal constitutional violation.

**Defendant**:  Plaintiff asserts jurisdiction pursuant to 28 U.S.C. Section 1343 and Federal Question jurisdiction under 42 U.S.C. Section 1983.  Defendant contends there is no federal jurisdiction, as no federal question is posed by the complaint and has a pending motion to dismiss based on this ground.  All parties are properly joined.  If federal jurisdiction exists, venue in the Central District is proper.

### 2.    Brief Statement of the Main Claims/Counterclaims/Defenses

**Plaintiff**:     Plaintiff sought building permits records maintained by the CITY OF REDLANDS for location "1200 E. Colton Avenue, Redlands, CA 92374" for various building.  Plaintiff made a building and safety complaint prior to October 26, 2015, and attempted in-person to view the permits on file at the CITY OF REDLANDS, Building and Safety Department.  The CITY OF REDLANDS claims not to have all permits on file for "1200 E. Colton Avenue, Redlands, CA 92374" and have neglected to obtain permits or collect taxes for equipment installed from contractors within their jurisdiction once put on notice.  Plaintiff submitted a Public Records request to the Defendant's on February 10, 2016, via email [doc #26] and did not receive a receipt acknowledgment letter to this request.  Informed City Manager of possible violations on February 12, 2016.  After Plaintiff made another attempt to receive records via e-mail on March 2, 2016, the CITY OF REDLANDS provided a letter on March 3, 2016, indicating additional records have been found from an October 26, 2015, request and not the February 10, 2016, request.  The Defendants provided only 1 accurate request to building permit request of North Hall-Patio Roof, which Plaintiff requested on October 26, 2015, February 10, 2016, and October 12, 2016, and not provided until October 27, 2016.  Defendant's haves circumvented request by providing records inaccurate from plaintiff request and to merely states the City has fulfilled its duty to locate the records by simply inserting the permits does not exist.

**Defendant**:  Plaintiff alleges certain documents he has requested on multiple occasions from the CITY OF REDLANDS pursuant to the California Public Records Act from October of 2015 through October of 2016 have been withheld from him, violating his rights under state and federal law, causing him damages.  Defendant asserts all documents in their possession have been provided to Plaintiff, no documents in their possession have been withheld, no exemptions from disclosure have been claimed, and further alleges that while Plaintiff could have filed suit in state court regarding his document requests, there are no grounds for jurisdiction in federal court.  Defendant is not asserting any counterclaims.

### 3. Key Legal Issues/Pending Motions

**Plaintiff**:     Claim 1(CPRA & FIOA):  Freedom of Information 5 USC §552 and California Public Records Act, Government Code §6250-6276.  The Defendants failed to draft all acknowledgment letters once Public Record request is made by the Plaintiff, respond promptly within 10 days of receiving such request, and ensuring the records made were accurate to Public Records request.  The CPRA was modeled on the federal Freedom of Information Act (FOIA) (5 USC §552 et seq) and was enacted for the purpose of increasing freedom of information by giving members of the public access to information in the possession of public agencies.  Filarsky v. Super. Ct. 28 Cal.4th 419, 121 Cal.Rptr. 2d 844, 49 P. 3d 194 (Cal. 2002).  "A State or local agency, upon receiving a request by any person for a copy of public records, generally must determine within 10 days whether the request seeks public records in the possession of the agency that are subject to disclosure.

Claim 2:      14th Amendment of the United States Constitution due process violation.

Claim 3 (Tax Evasion):    See Broadcast Music, Inc. v. 845 North, Inc. because Defendants have not shown any deficiency in Plaintiff's claim, but rather are attempting to refute Plaintiff's allegations with their own version of the facets, the Court will deny each Defendants motion to dismiss.  In general, pro see complaints are held to less

stringent standards that formal pleadings drafted by lawyers.  See <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed. 2d 652 (1972).  A city shall collect the taxes from vendors who perform work in their jurisdiction.  Plaintiff alleges that City Personnel is neglecting collecting taxes from those vendor/contractor who performed work at "1200 E. Colton Ave, Redlands, CA 92374."  City of Redlands, Municipal Code, Title 5-Business taxes, licensed, and regulation.

**Defendant**:  Whether federal jurisdiction exists to allow this matter to remain in federal court; the fact that CORA was modeled after FOIS doesn't confer federal jurisdiction; whether the CITY OF REDLANDS has wrongfully withheld any documents from the Plaintiff under the California Public Records Act, <u>Government Code</u> Section 6250-6276 or any other applicable statute; whether Plaintiff's rights under 42 USC Section 1983 or any other federal statute have been violated; the nature and extent of claimed damages, whether plaintiff has standing to sue for tax collection since he is not a Redlands resident.

Plaintiff filed for a Default Judgment against Defendants for failing to file a response to complaint in 30 days.  Defendant's filed a Motion to Set Aside Default which was granted.  Defendants have now filed a Motion to Dismiss Plaintiff's Original Complaint.

Defendant's motion to dismiss is pending before this court, to be heard on May 15, 2017.  Defendant's motion to set aside default was heard and granted by this Court on March 29, 2017.

There are no related cases or proceedings.  Should Defendant's motion to dismiss not be granted, Defendant intends to file a motion for summary judgment/summary adjudication.  The parties do not anticipate adding or dismissing claims or defenses.

### 4.     **Contemplated Motions**

**Plaintiff**:     Plaintiff filed for a Default Judgment against Defendant's for failing to file a response to complaint in 30 days.  Defendant's filed a Set-A-Side Default Judgment pleading and Granted.  Defendant's has now filed a Motion to Dismiss

Plaintiff Original Complaint. Plaintiff request Defendant's Motion to Dismiss denied by the Court. When a defendant makes a motion to dismiss for lack of subject matter jurisdiction, all material allegations in the complaint are assumed true, and the court must determine whether lack of federal jurisdiction appears from the face of the complaint itself. Fed.R.Civ.P. 12(b)(1). In addition, Defendant's motion should be denied for not complying with Fed.R.Civ.P. 26(f), Local Rule 7-3, or the Judge Standing Order [doc #22 and 23].

**Defendant**: Defendant forecasts a motion for summary judgment/summary adjudication.

### 5. Amendment of Pleadings

Plaintiff will request with the consent of the Defendant's to amend the amount for damages in the original complaint and, if necessary, amend complaint to make clearer to the Defendants. Any motion to amend the pleadings must be filed by July 1, 2017.

### 6. Initial Disclosures

Initial disclosures will be exchanged by May 8, 2017.

### 7. Discovery Plan

**Plaintiff**: Plaintiff will ask for business license(s) on file for "1200 E. Colton Avenue, Redlands, California, 92374" between 2013-2015. Plaintiff will request tax documents collected from vendors by the CITY OF REDLANDS who conducted business within their jurisdiction at location "1200 E. Colton Avenue, Redlands, California, 92374." Plaintiff will depose N. Enrique Martinez, Mark Berg, Heather A. McGinnis, Joni Mena, Tricia Swope, Janice McConnel, Dan McHugh, Linda McCasland, Oscar Orci, Diana Rains. Plaintiff will request CITY OF REDLANDS personnel listed above for e-mail records between October 25, 2015, through October 17, 2016. Plaintiff will request for CITY OF REDLANDS work-orders generated for building permits at "1200 E. Colton Ave., Redlands, CA, 92374" between October 25, 2015, through October 27, 2016. Plaintiff will request CITY OF REDLANDS, Municipal Codes for 2015 & 2016.

**Defendant**: "Paper" discovery is expected to be exchanged. Defendant will depose ORONDE LONDON. Defendant will propound requests for admissions and special interrogatories in the event their motion to dismiss is denied. No alteration of the normal limitations on discovery is requested.

### 8. Relief Sought and Range of Damages

**Plaintiff**: Plaintiff request all building permits requested be disclosed immediately and permits not on file be enforced by the CITY OF REDLANDS. Plaintiff request court cost, Pro Se attorney fees and estimate the amount of $700,000 be granted to the Plaintiff. The amount of $35,000 per permit violation for a grand total of $315,000. The amount of $150,000 for 14th Amendment violation. The amount of $150,000 for Tax Evasion. The amount for court cost and possible Pro Se attorney fees, and what the court deems fit and proper. Damage sought by the Plaintiff estimate in the amount of $700,000.00.

**Defendant**: Special damages are difficult to pinpoint.

### 9. Counsel and Interested Parties

Plaintiff ORLONDE LONDON is in pro se. Defendant CITY OF REDLANDS is represented by Bruce E. Disenhouse of Disenhouse Law APC, in Riverside. ORONDE LONDON and the CITY OF REDLANDS are the only parties who have a financial interest in the outcome of this case. Each party has filed the proper Certificate of Interested Parties and all counsel are cm/ecf participants.

### 10. Additional Parties

No additional parties are anticipated. The complaint does not name Doe Defendants.

### 11. Proposed Discovery Cut-Off Date

**Plaintiff**: A cut-off discovery date of December 30, 2017, is sought.

**Defendant**: A discovery cut-off date of September 30, 2017 is sought.

//

//

**12.    Proposed Motion Cut-Off Date**

A motion cut-off date 45 days after the discovery cut-off, i.e. November 15, 2017, is proposed.

**13.    Proposed Pretrial Conference and Trial Dates**

**Plaintiff**:    Plaintiff suggests a Pretrial Conference in February, 2018, and Trial two weeks after the Final Pretrial Conference.  Proposed dates are February 15, 2018, for the Pretrial Conference and February 30, 2018, for trial.

**Defendant**:  Defendant suggests a Pretrial Conference in January 2018, and Trial two weeks after the Final Pretrial Conference.  Proposed dates are January 15, 2018 for the Pretrial Conference and January 30, 2018 for trial.

**14.    Jury Trial/Estimate of Time Required**

**Plaintiff**:    Plaintiff preserves the right to a jury trial, Plaintiff estimate trial to last for five full court days.

**Defendant**:  Defendant is prepared to waive jury and estimates trial to last for 2 full court days.

**14.    Settlement Prospects**

**Plaintiff**:    The parties did not discuss thoroughly any settlements disputes. Plaintiff will attend ADR Program with Defendant's to resolve the case and any other disputes.

**Defendant**:  Settlement is premature based on the facts as they are now known to the parties.  No demand has been made, given the uncertainty of prospective special damages.  Both parties will consent to proceed before the magistrate for settlement conferences.  The parties have informally discussed settlement but were not able to resolve the case.  An early settlement conference with the assigned magistrate judge may well spur resolution of this case.

**15.    Settlement Conference Cut-Off**

Thirty days after the court rules on any dispositive motion.

//

### 16. Complex Litigation Procedures

**Plaintiff**: Plaintiff asserts this case is one that requires these procedures.

**Defendant**: Defendant advises this case is not one that requires these procedures.

### 17. Dispositive Motions

**Plaintiff**: Plaintiff is likely to make a Summary of Judgment.

**Defendant**: Defendants forecast a motion for summary judgment/summary adjudication.

### 18. Bifurcation/Severance/Order of Proof

No alteration of the normal order of proof is contemplated at this time.

### 19. Unusual Legal Issues

There are no unusual legal issues presented by this case.

### 20. Consent to Magistrate

Pursuant to Local Rule 16-15.4, the parties are amenable to appearing before the magistrate judge assigned to the case for any settlement proceedings.

DATED: April 29, 2017        DISENHOUSE LAW APC

_____
BRUCE E. DISENHOUSE
Attorneys for Defendants

DATED: April 28, 2017

_____
ORONDE LONDON, Pro Se

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA ) ss.
COUNTY OF RIVERSIDE )

I, Brenda Laird, state that I am employed in the aforesaid County, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 3833 Tenth Street, Riverside, California 92501.

On April 29, 2017, I served the foregoing FRCP 26(f) JOINT REPORT OF COUNSEL on the interested parties by placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Riverside, California, addressed as follows and/or by one of the methods of service as follows:

### SEE ATTACHED MAILING LIST

___ **BY MAIL**: I am readily familiar with this firm's practice of collection and processing of correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service the same day in the ordinary course of business pursuant to C.C.P. 1013(a).

___ **BY FAX**: A copy of said document(s) was delivered by facsimile transmission to the addressee pursuant to C.C.P. 1013(e).

___ **BY ELECTRONIC SERVICE**: A copy of said document(s) was delivered by electronic transmission to the addressee(s) pursuant to C.C.P. 1010.6(3).

___ **BY PERSONAL SERVICE**: I caused to be hand-delivered said document(s) to the office of the addressee, using an attorney service, pursuant to C.C.P. 1011.

___ **BY EXPRESS MAIL**: I caused said document(s) to be placed in an Express Mail Overnight Envelope and deposited in an Express Mail DropBox to be delivered the following business day pursuant to C.C.P. 1013(c).

_X_ **FEDERAL**: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Pursuant to L.R. 5-3.2.1 and 5-3.2.2 the undersigned declares service has been affected by way of CM/ECF or via Mail service as indicated above.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on April 29, 2017, at Riverside, California.

*/s/ Brenda Laird*
BRENDA LAIRD

# MAILING LIST

*London v. City of Redlands*
*17-cv-00185 JFW(SPx)*

**<u>Plaintiff Pro Per</u>**
Oronde London
12089 Franklin Street
Moreno Valley, California  92557
T:  909-520-8077
E:  olondon3@gmail.com