UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | **EDCV 17-185-JFW(SPx)** | Date: May 1, 2017 |

Title:     Oronde London -*v*- City of Redlands

**PRESENT:**

    **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**     ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR LACK OF JURISDICTION UNDER FRCP 12(b)(1) AND FOR FAILURE TO STATE A CLAIM UNDER FRCP 12(b)(6) [filed 4/1/17; Docket No. 21]

    On April 1, 2017, Defendant City of Redlands (erroneously sued as City of Redlands, 35 Cajon Street, Suite 20, Redlands, California 92373) ("Defendant") filed a Motion to Dismiss Complaint for Lack of Jurisdiction under FRCP 12(b)(1) and for Failure to State a Claim under FRCP 12(b)(6) ("Motion").  On April 24, 2017, Plaintiff Oronde London ("Plaintiff") filed his Opposition.  On April 25, 2017, Defendant filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument.  The matter was, therefore, removed from the Court's May 1, 2017 hearing calendar and the parties were given advance notice.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.     Factual and Procedural Background**

    On February 2, 2017, Plaintiff filed a Complaint against Defendant, which alleges that "[t]his is an action under the Freedom of Information Act, 5 U.S.C. § 552, as well as California Public Records Act, Calif Govt Code 6254 for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from plaintiff by defendant, The City of Redlands."  Complaint, ¶ 1.  Plaintiff claims that he made requests to Defendant for various building permits, and that Defendant failed to comply with those requests.  Plaintiff also alleges that "Defendant is also depriving me of due process of law pursuant to the 14th Amendment of the United States Constitution as applied the the [*sic*] States by not giving me the requested records."  Complaint, ¶ 2.

## II. Legal Standard

### A. Rule 12(b)(1)

The party mounting a Rule 12(b)(1) challenge to the Court's jurisdiction may do so either on the face of the pleadings or by presenting extrinsic evidence for the Court's consideration. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ("Rule 12(b)(1) jurisdictional attacks can be either facial or factual"). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In ruling on a Rule 12(b)(1) motion attacking the complaint on its face, the Court accepts the allegations of the complaint as true. *See, e.g., Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. "With a factual Rule 12(b)(1) attack . . . a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment. It also need not presume the truthfulness of the plaintiff['s] allegations." *White*, 227 F.3d at 1242 (internal citation omitted); *see also Thornhill Pub. Co., Inc. v. General Tel & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) ("Where the jurisdictional issue is separable from the merits of the case, the judge may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary. . . '[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'") (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (9th Cir. 1977)). "However, where the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits, the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." *Augustine v. U.S.*, 704 F.2d 1074, 1077 (9th Cir. 1983). It is the plaintiff who bears the burden of demonstrating that the Court has subject matter jurisdiction to hear the action. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

### B. Rule 12(b)(6)

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). "[F]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party. *See, e.g.,*

*Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Summit Technology*, 922 F. Supp. at 304 (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted). However, a court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment. *See, e.g., id.*; *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994).

Where a motion to dismiss is granted, a district court must decide whether to grant leave to amend. Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. *See, e.g., DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a Court does not need to grant leave to amend in cases where the Court determines that permitting a plaintiff to amend would be an exercise in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

### III.   Discussion

#### A.   Plaintiff's Claim for Violation of the Freedom of Information Act.

In order to state a claim for violation of the Freedom of Information Act, 5 U.S.C. § 552, Plaintiff must allege facts demonstrating that his requests to Defendant for various building permits were made pursuant to the Freedom of Information Act. *See* 5 U.S.C. § 552(a)(4)(B). However, based on the allegations alleged in Plaintiff's Complaint and the exhibits attached to his Complaint, it is clear that Plaintiff made his requests for the various building permits to Defendant pursuant to the California Public Records Act, California Government Code §§ 6250, *et seq.,* and not the Freedom of Information Act. Plaintiff did not make records requests to the federal government or request any records that are maintained by the federal government. In addition, as Defendant points out, even if Plaintiff had made his requests pursuant to the Freedom of Information Act, he has failed to exhaust his administrative remedies as required before pursuing civil litigation. *See* 5 U.S.C. § 552(a)(6)(B).

Accordingly, Plaintiff's claim for violation of the Freedom of Information Act is dismissed, and because amendment is futile, it is dismissed without leave to amend.

#### B.   Plaintiff's Claim for Violation of His Fourteenth Amendment Rights.

In his Complaint, Plaintiff alleges in a conclusory manner that "Defendant is also depriving me of due process of law pursuant to the 14th Amendment of the United States Constitution as applied the the [*sic*] States by not giving me the requested records." Complaint, ¶ 2. However,

Plaintiff fails to allege any facts to support that conclusion.[1] Thus, the Court concludes that, with respect to Plaintiff's claim for violation of his Fourteenth Amendment rights, the Complaint is so vague and ambiguous that it fails to provide Defendant with the requisite notice regarding the claim alleged against it. Therefore, the Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure or to state a claim under Rule 12(b)(6). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'"); *see also id.* ("[F]actual allegations must be enough to raise a right to relief above the speculative level").

Accordingly, Defendant's Motion is granted with respect to Plaintiff's claim for violation of his Fourteenth Amendment rights, and that claim is dismissed with leave to amend.[2]

## IV.   Conclusion

For all the foregoing reasons, Defendant's Motion is **GRANTED.** Plaintiff's claim for violation of the Freedom of Information Act, 5 U.S.C. § 552, is **DISMISSED without leave to amend**. To the extent Plaintiff has alleged a claim for violation of his Fourteenth Amendment rights, that claim is **DISMISSED with leave to amend.** If Plaintiff in good faith intends to pursue a claim for violation of his Fourteenth Amendment rights, Plaintiff shall file a First Amended Complaint alleging that claim *only* by May 8, 2017. In addition, in the First Amended Complaint, Plaintiff must allege specific facts supporting each and every element of his claim for violation of the Fourteenth Amendment. The Court reminds Plaintiff that under Local Rule 83-2.10.3, *pro se* litigants are bound by and expressly required to comply with all Local and Federal Rules, and cautions Plaintiff to review the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's Self Representation Order filed on February 3, 2017, prior to filing any amended Complaint.

IT IS SO ORDERED.

---

[1] Plaintiff also failed to provide any additional factual support for the conclusion in his Opposition.

[2] To the extent Plaintiff intended to allege any additional claims in his Complaint, those claims are also dismissed pursuant to Rule 8 and Rule 12(b)(6).