1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

10 | ORONDE LONDON,                          Case No. EDCV 17-0185-JFW (KK)

11 |                 Plaintiff,

12 |                  v.                          FINAL REPORT AND
RECOMMENDATION OF UNITED
13 | CITY OF REDLANDS,                        STATES MAGISTRATE JUDGE

14 |                Defendant(s).

15

16      This Final Report and Recommendation is submitted to the Honorable John

17 F. Walter, United States District Judge, pursuant to 28 U.S.C. § 636 and General

18 Order 05-07 of the United States District Court for the Central District of

19 California.

20 **I.**

21 ### SUMMARY OF RECOMMENDATION

22      On May 11, 2017, Plaintiff Oronde London ("Plaintiff"), proceeding pro se,

23 filed a Second Amended Complaint ("SAC") pursuant to 42 U.S.C. § 1983

24 ("Section 1983"), against defendant City of Redlands ("Defendant"). On June 1,

25 2017, Defendant filed a Motion to Dismiss the SAC. For the reasons set forth

26 below, the Court recommends GRANTING Defendant's Motion to Dismiss and

27 dismissing the action with prejudice and without leave to amend.

28 ///

## II.

## PROCEDURAL HISTORY

On February 2, 2017, Plaintiff filed a Complaint against Defendant for violations of the Freedom of Information Act and for violations of his Fourteenth Amendment rights. ECF Docket No. ("Dkt.") 1.

On April 1, 2017, Defendant filed a Motion to Dismiss. Dkt. 32. On May 1, 2017, the Court granted Defendant's Motion to Dismiss. Id. at 4. As to the violations of the Freedom of Information Act, the Court found, based on allegations and exhibits in the Complaint, "Plaintiff did not make records requests to the federal government or request any records that are maintained by the federal government," and dismissed the claim without leave to amend. Id. at 3. As to Plaintiff's constitutional claim, the Court found Plaintiff failed to allege any facts to support a violation of his Fourteenth Amendment rights and dismissed the claim with leave to amend. Id. at 4. The Court explicitly instructed Plaintiff any amended complaint was to be limited to a claim for alleged violations of the Fourteenth Amendment. Id.

On May 8, 2017, Plaintiff filed a First Amended Complaint ("FAC"), which contained both a Fourteenth Amendment claim and a tax evasion claim. Dkt. 35. On May 11, 2017, the Court issued an Order to Show Cause ("OSC") why the Court "should not impose sanctions in the amount of $750.00 against Plaintiff or dismiss his tax evasion claim for failure to comply with the Court's May 1, 2017 Order." Dkt. 37.

On May 11, 2017, Plaintiff filed a response to the Court's OSC and filed the instant SAC containing only the claim for alleged violations of the Fourteenth Amendment. Dkts. 38, 42.

On June 1, 2017, Defendant filed a Motion to Dismiss arguing the SAC should be dismissed because Plaintiff lacks standing[1] and has failed to allege facts sufficient to state a claim for violations of his Fourteenth Amendment rights. Dkt. 43, MTD. On June 5, 2017, Plaintiff filed an Opposition. Dkt. 45. On June 15, 2017, Defendant filed a Reply. Dkt. 46. The matter thus stands submitted.

## III.

## ALLEGATIONS OF THE SECOND AMENDED COMPLAINT

Plaintiff alleges he is a private citizen seeking to determine whether Defendant has complied with all "applicable provisions of Federal, State, and local law relating to building standards, permits, and inspections." SAC at 5. From August 2015 to October 2016, Plaintiff alleges he submitted an online "building and safety complaint," one in-person request, and three email requests seeking permits for various buildings in Redlands. See id. at 3-4. Plaintiff claims he received three letters from the Office of the City Manager acknowledging two out of his three email requests and his one in-person request for permits. Id. Plaintiff claims he received some, but not all of the permits he requested. Id. at 5-6. As a result, Plaintiff alleges Defendant has violated his Fourteenth Amendment right to Due Process by failing to (1) acknowledge all of Plaintiff's requests for public records and provide requested public records in a timely fashion; (2) investigate a private citizen complaint; and (3) comply with its own municipal code. Id. In addition, Plaintiff appears to allege Defendant has violated his Fourteenth Amendment right to Equal Protection based on an alleged right to have his "request/complaint treated the same way as similar cases at the City of Redlands." Id. at 5.

///

///

---

[1] Defendant argues Plaintiff lacks standing "to proceed in this federal court" because he "has shown no injury-in-fact." MTD at 7. As Plaintiff has failed to identify any actions by Defendant that violate a protected constitutional interest, the Court declines to rule on the issue of standing at this time.

## IV.

## STANDARD OF REVIEW

A complaint may be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the Court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).

Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted). The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citation omitted). The Court has "an obligation where the p[laintiff] is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted).

1    If the court finds the complaint should be dismissed for failure to state a

2  claim, the court has discretion to dismiss with or without leave to amend. Lopez v.

3  Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted

4  if it appears possible that the defects in the complaint could be corrected, especially

5  if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103,

6  1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint

7  cannot be cured by amendment, the court may dismiss without leave to amend.

8  Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th

9  Cir. 2009).

10                                              **V.**

11                                      **DISCUSSION**

12  **A.    PLAINTIFF HAS FAILED TO IDENTIFY ANY DEPRIVATION OF**

13          **A PROTECTED CONSTITUTIONAL INTEREST AND**

14          **THEREFORE FAILS TO STATE A FOURTEENTH AMENDMENT**

15          **DUE PROCESS CLAIM**

16          **1.    Applicable Law**

17     The Due Process Clause of the Fourteenth Amendment protects individuals

18  against deprivations of life, liberty, or property that "shocks the conscience" or

19  "interferes with rights implicit in the concept of ordered liberty." United States v.

20  Salerno, 481 U.S. 739, 746, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987); U.S. Const.

21  amend. XIV, § 1. It "affords not only a procedural guarantee against the

22  deprivation of 'liberty,' but likewise protects substantive aspects of liberty against

23  unconstitutional restrictions by the state." Kelley v. Johnson, 425 U.S. 238, 244,

24  96 S. Ct. 1440, 47 L. Ed. 2d 708 (1976).

25     "A threshold requirement to a substantive or procedural due process claim is

26  the plaintiff's showing of a liberty or property interest protected by the

27  Constitution." Stiesberg v. State of Cal., 80 F.3d 353, 356 (9th Cir. 1996) (quoting

28  Wedges/Ledges of California, Inc. v. City of Phoenix, Ariz., 24 F.3d 56, 62 (9th

Cir. 1994)).  To have a property interest, a plaintiff must allege "a legitimate claim

of entitlement.'"  Nunez v. City of Los Angeles, 147 F.3d 867, 872 (9th Cir. 1998)

(quoting Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 577, 92 S. Ct.

2701, 33 L. Ed. 2d 548 (1972)).  A liberty interest, on the other hand, "may be

derived from the Due Process Clause itself or from laws of the states."  Browning

v. Vernon, 44 F.3d 818, 821 (9th Cir. 1995).

   To establish a substantive due process claim, a plaintiff must allege, in

addition to a deprivation of a constitutionally protected liberty or property interest,

"conscious shocking behavior by the government" that results in the deprivation of

the plaintiff's life, liberty, or property.  Brittain v. Hansen, 451 F.3d 982, 991 (9th

Cir. 2006).  A procedural due process claim, on the other hand, requires a plaintiff

to allege both a deprivation of a constitutionally protected liberty or property

interest and "a denial of adequate procedural protections."  Brewster v. Bd. of

Educ., 149 F.3d 971, 982 (9th Cir. 1998).  The failure to follow mandatory

procedures does not by itself offend the constitution.  See Smith v. Noonan, 992

F.2d 987, 989 (9th Cir. 1993) ("[W]e have held that 'procedural requirements,

even if mandatory, do not raise a constitutionally cognizable liberty interest.'"

(citation omitted)).  Rather, there must be allegations that the procedures

themselves were inadequate to protect a valid liberty interest.  See Buckley v.

Gomez, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997), aff'd, 168 F.3d 498 (9th Cir.

1999).

   **2.     Analysis**

   Here, Plaintiff fails to allege any facts showing he has been deprived of a

constitutionally protected liberty or property interest.  Plaintiff alleges Defendant is

denying him due process by failing to (1) acknowledge all of Plaintiff's requests for

public records and provide requested public records in a timely fashion; (2)

investigate a private citizen complaint; and (3) comply with its own Municipal

Code.  SAC at 5-6.  However, none of these alleged actions implicate a

6

constitutional right of which Plaintiff has been deprived.  Thus, as discussed below, because Plaintiff has failed to meet the "threshold requirement to a substantive or procedural due process claim," his Fourteenth Amendment claim is subject to dismissal.  Stiesberg, 80 F.3d at 356.

First, as to Defendant's alleged failure to acknowledge Plaintiff's public records requests and provide records in a timely fashion, Plaintiff fails to identify a protected constitutional liberty or property interest.  See SAC at 5.  The Fourteenth Amendment "do[es] not guarantee the public a right of access to information generated or controlled by government."  Houchins v. KQED, Inc., 438 U.S. 1, 16, 98 S. Ct. 2588, 57 L. Ed. 2d 553 (1978).  Thus, Plaintiff does not have a constitutionally-protected right to access government records, much less a constitutionally-protected right to have his records *request acknowledged* or a right to have records *provided in a timely fashion.*[2]  Accordingly, Plaintiff has failed to raise a Fourteenth Amendment procedural or substantive due process claim based on Defendant's failure to acknowledge his records request or provide his records in a timely fashion.

Second, as to Defendant's alleged failure to investigate a private citizen complaint, Plaintiff again fails to identify a protected constitutional liberty or property interest.  Plaintiff alleges he has "informed the City Manager of possible building standard violations, in addition to personnel actions," but has not received any response.  SAC at 5-6.  Additionally, Plaintiff conclusorily claims he is entitled "to have a fair and impartial fact-finding by the city of Redlands when such request/complaint are made by private citizens."  Id. at 5.  However, the U.S.

[2] To the extent Plaintiff is attempting to state a claim based on Defendant's failure to comply with the requirements of the California Public Records Act ("CPRA"), Plaintiff's claim also fails.  "Plaintiff's exclusive remedy under the CPRA is to file a writ of mandamus in state court."  Brooks v. Vallejo City Unified Sch. Dist., No. 2:09-CV-1815-MCE-JFM, 2009 WL 10441783, at *3 (E.D. Cal. Oct. 30, 2009) ("If plaintiff believes he has not received all of the public documents he requested, he must pursue those claims in the state court mandamus actions."); Cal. Govt. Code § 6259(d).

7

Constitution "does not impose any affirmative obligation on the government to listen[ or] to respond [to a citizen complaint]." See Smith v. Arkansas State Highway Emp., Local 1315, 441 U.S. 463, 465, 99 S. Ct. 1826, 60 L. Ed. 2d 360 (1979); Page v. Stanley, No. CV 11-2255-CAS (SS), 2013 WL 2456798, at *9 (C.D. Cal. June 5, 2013) (holding the Constitution "does not guarantee that there will be any government response to a petition or that the government will take any action regarding the relief demanded by the petitioner. Specifically, the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a citizen's petition for redress of grievances"). Thus, because there is no recognized constitutional right to a government investigation, Plaintiff's allegations that Defendant is not responding to his citizen complaints fails to implicate a recognized constitutional right and, therefore, does not state either a procedural or substantive due process claim.

Third, as to Defendant's failure to comply with its own city ordinance and municipal codes, Plaintiff fails to identify a protected liberty or property interest of which *he* has been deprived. Plaintiff claims Defendant has failed to "enforce building codes," and has "neglected to verify work done at different buildings" identified by Plaintiff. Id. at 5-6. Additionally, Plaintiff alleges Defendant is acting in "'bad faith' with intentional deception" and has failed "to meet an obligation or duty." Id. at 6. However, Plaintiff does not allege that any of these actions or inactions have deprived *Plaintiff* of a constitutionally-protected liberty or property interest.

Moreover, even assuming Plaintiff raised a constitutionally-protected liberty interest of which he has been deprived due to Defendant's failure to comply with its own municipal codes, the failure alone is insufficient to raise a procedural or substantive due process claim. First, as to a procedural due process claim, Plaintiff does not allege he has been denied notice and an opportunity to be heard prior to any constitutional deprivation. See Mullane v. Cent. Hanover Bank & Tr. Co., 339

8

U.S. 306, 313, 70 S. Ct. 652, 94 L. Ed. 865 (1950). Second, as to a substantive due process claim, a state law or municipal code violation committed by a government actor is not alone sufficient to raise a substantive due process claim. See Shanks v. Dressel, 540 F.3d 1082, 1089 (9th Cir. 2008) (holding that the "assumption that every state law violation invariably gives rise to a substantive due process claim is inconsistent with the principle that substantive due process is not a 'font of tort law' that superintends all official decision making" (citing Cty. of Sacramento v. Lewis, 523 U.S. 833, 848, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998)). Absent any facts to show "egregious official conduct" that amounts to an "'abuse of power' lacking any reasonable justification in the service of a legitimate governmental objective," Plaintiff fails to state a substantive due process claim. Thus, Plaintiff's allegations Defendant violated his Fourteenth Amendment right for neglecting to comply with its own city ordinances and municipal code fail to state either a procedural or substantive due process claim. Id. (citing Lewis, 523 U.S. at 846).

**B.    PLAINTIFF FAILS TO STATE A FOURTEENTH AMENDMENT EQUAL PROTECTION CLAIM**

**1.    Applicable Law**

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216, 102 S. Ct. 2382, 72 L. Ed. 2d 786 (1982)). In order to state a Section 1983 equal protection claim, a plaintiff must allege he was treated differently from others who were similarly situated without a rational basis or discriminated against based on his membership in a protected class. See Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (requirements for Section 1983 equal protection claim based on membership in protected class); Gallo v. Burson, 568 F. App'x 516, 517 (9th Cir.

9

1  2014) (affirming district court dismissal of inmate's equal protection claim).

2  "Similarly situated" persons are those "who are in all relevant aspects alike."

3  Nordlinger v. Hahn, 505 U.S. 1, 10, 112 S. Ct. 2326, 120 L. Ed. 2d 1 (1992).

4  **2.    Analysis**

5  Here, to the extent Plaintiff is attempting to raise a Fourteenth Amendment

6  Equal Protection claim, this claim is also subject to dismissal.  Plaintiff fails to

7  allege any facts to show he is a member of a protected class or has been treated

8  differently from others who are similarly situated.  Instead, Plaintiff merely claims

9  that the Fourteenth Amendment requires "[t]reating similar persons in [a] similar

10  manner," and that he has a right "to have one's request/complaint treated the

11  same way as similar cases at the City of Redlands."  SAC at 5; Opposition at 5.

12  Thus, absent any factual allegations establishing differing treatment, Plaintiff's

13  Fourteenth Amendment Equal Protection claim should be dismissed.

14  **C.    THE SAC SHOULD BE DISMISSED WITHOUT LEAVE TO**

15  **AMEND**

16  As discussed in Sections V.A-B, Plaintiff's Fourteenth Amendment claims

17  fail.  The SAC's allegations suffer from the same pleading deficiencies the Court

18  identified when it dismissed the Complaint with leave to amend.  See Dkt. 32.

19  Thus, despite having an opportunity to correct the deficiencies previously

20  identified by the Court, Plaintiff has failed to do so.  In addition, none of the

21  arguments in Plaintiff's opposition to the Motion to Dismiss suggest he might be

22  able to correct the deficiencies.  Moreover, Plaintiff has now had three

23  opportunities to file a proper and legally sufficient complaint, but has failed to do

24  so.  See Dkt. 32, 37.

25  In light of Plaintiff's continued failure to address the pleading deficiencies

26  identified by the Court, the Court recommends dismissing the SAC without leave

27  to amend and with prejudice for failure to state a claim.  See Ismail v. County of

28  Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012) ("[A] district court's

discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" (quoting <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183, 186 n.3 (9th Cir. 1987))); <u>see also</u> <u>Zavala v. Bartnik</u>, 348 F. App'x 211, 213 (9th Cir. 2009) ("Dismissal with prejudice was proper because Zavala was given two prior opportunities to amend his complaint in order to correct the deficiencies identified by the district court but failed to do so.").

## VI.

## <u>RECOMMENDATION</u>

IT IS THEREFORE RECOMMENDED that the Court issue an Order: (1) accepting this Final Report and Recommendation; (2) GRANTING Defendants' Motion to Dismiss [Dkt. 59]; and (3) directing that Judgement be entered dismissing the action with prejudice and without leave to amend.

Dated: September 05, 2017

HONORABLE KENLY KIYA KATO
United States Magistrate Judge